UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

### JS-6 / REMAND

| Case No. | CV 12-10423 GW(PLAx) | Date | December 27, 2012 |
|---|---|---|---|
| Title | *Mario Ivan Martinez v. American Mortgage Network, Inc., et al.* | | |

| Present: The Honorable | GEORGE H. WU, United States District Judge |
|---|---|

| Javier Gonzalez | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:**   (IN CHAMBERS):   **ORDER REMANDING ACTION TO STATE COURT**

    Wells Fargo Bank, N.A., as successor in interest to American Mortgage Network, Inc. (erroneously sued as "American Mortgage Network, Inc.") ("Wells") removed this action from Los Angeles County Superior Court on December 5, 2012, asserting that the Court has diversity jurisdiction over this matter.  Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  A "strong presumption" against removal jurisdiction exists.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).  In removing, Wells bore the burden of proving that jurisdiction exists.  *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986).  Subject matter jurisdiction based on diversity of citizenship requires all plaintiffs to have different citizenship(s) from all defendants and that the amount in controversy exceed $75,000.  *See* 28 U.S.C. § 1332; *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

    Plaintiff Mario Ivan Martinez is a California citizen.  *See* Notice of Removal at 3:1-19.  Wells is a national banking association.  *Id.* at 3:22-23.  Although the Notice of Removal asserts that there is complete diversity, it alleges Wells's citizenship based only upon the location of Wells's main office, citing to the Supreme Court's decision in *Wachovia Bank v. Schmidt*, 546 U.S. 303, 313-14 (2006), for the proposition that a national banking association's main office location is its only source of citizenship.

    The Notice of Removal contains no allegations concerning the location of Wells's principal place of business.  However, this Court recently joined many of its sister courts in holding that *Schmidt* left open the question of whether a national banking association is a citizen of the state of its principal place of business, *in addition to* the state of its main office.  *Mojica v. Wells Fargo Bank, N.A., et al.*, CV 12-1608-GW-AGR, Docket No. 12.  *See also Rouse v. Wachovia Mortgage, FSB*, No. EDCV 11-00928 DMG (DTBx), 2012 U.S. Dist. LEXIS 6962, at *42 (C.D. Cal. Jan. 13, 2012) (finding that Wells is a citizen both of South Dakota and of California).  Further, this Court has held that in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

**JS-6 / REMAND**

absence of contrary controlling authority[1], the principal place of business of a national banking association *does* give rise to citizenship for jurisdictional purposes. *Mojica*, CV 12-1608-GW-AGR, Docket No. 12 at 2 (listing cases holding that a national banking association has the dual citizenship of its main office location and its principal place of business).

The Court notes that many recent cases have found that Wells's principal place of business is in California, which fact has not been disputed by Wells in other litigation in which this issue has arisen, including *Mojica*. *See id.* (listing cases where Wells has stipulated or the Court has found that its principal place of business is California). Wells, who bears the burden of proving that subject matter jurisdiction exists, has not included in its Notice of Removal any allegations that Wells's principal place of business is anywhere other than in California. Given the aforementioned caselaw and the fact that Plaintiff is a California citizen, the Court concludes that the parties in this case are not diverse.

Thus, the Court finds that the allegations in the Notice of Removal are insufficient to establish the Court's removal jurisdiction by virtue of diversity jurisdiction, and Wells has failed to meet its burden of showing that subject matter jurisdiction exists. The Court hereby remands this action to the Superior Court of Los Angeles County and vacates both the motion to dismiss that is presently set for hearing in this Court on January 14, 2013, and the Scheduling Conference set for January 24, 2013.

The Court further orders the Court Clerk promptly to serve this order on all parties who have appeared in this action.

Clerk's Initials: KTI

---

[1] The Ninth Circuit has yet to address the issue. *See Goodman v. Wells Fargo Bank, N.A.*, No. CV 11-2685 JFW, 2011 U.S. Dist. LEXIS 63165, at *6 (C.D. Cal. June 1, 2011); *Rouse*, CV 11-928-DMG(DTBx), Docket No. 50 (notice of appeal filed concerning remand order based on the issue of a national banking association's dual citizenship). The Court is aware that other district courts within the Ninth Circuit and the only federal appellate court to have considered the issue have reached the contrary conclusion and found that a national banking association's principal place of business does not give rise to citizenship for the purposes of jurisdictional analysis. *See, e.g., Wells Fargo Bank N.A. v. WMR e-PIN LLC*, 653 F.3d 702, 706-10 (8th Cir. 2011); *DeLeon v. Wells Fargo Bank, N.A.*, 729 F. Supp. 2d 1119, 1124 (N.D. Cal. 2010); *Kasramehr v. Wells Fargo Bank N.A.*, CV 11-0551 GAF, 2011 U.S. Dist. LEXIS 52930, at *3 (C.D. Cal. May 17, 2011); *Tse v. Wells Fargo Bank, N.A.*, No. C10-4441 THE, 2011 U.S. Dist. LEXIS 6796, at *7 (N.D. Cal. Jan. 19, 2011).